# UNITED STATES DISTRICT COURT
## for the
### Northern District of California

| | |
|---|---|
| United States of America<br>v.<br><br>Rodney Williams<br><br><br>*Defendant(s)* | )<br>)<br>)  Case No. 3:24-mj-71194 MAG<br>)<br>)<br>)<br>) |

FILED
Aug 07 2024
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __July 24, 2024__ in the county of __San Francisco__ in the
__Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 1) 21 U.S.C. § 841(a)(1) & (b)(1)(C)<br>2) 18 U.S.C. § 922(g)(1) | Count 1: Possession with the Intent to Distribute Methamphetamine<br>Count 2: Prohibited Person in Possession of a Firearm<br><br>Max. Penalties: Count One: Up to 20 years imprisonment; $1,000,000 fine or twice the gross gain/loss; minimum 3 years up to life supervised release; $100 mandatory special assessment;<br>Count Two: Up to 15 yrs. imprisonment; $250,000 fine or twice the gross gain/loss; 3 years supervised release; $100 mandatory special assessment |

This criminal complaint is based on these facts:

See attached affidavit of HSI Agent Calvin Breeden

☑ Continued on the attached sheet.

Approved as to form AUSA Josiah Bournes
__AUSA Josiah Bournes__

/s/ Calvin Breeden
*Complainant's signature*

Calvin Breeden HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __08/07/2024__

*Judge's signature*

City and state: __San Francisco, CA__    U.S. Magistrate Judge Lisa J. Cisneros
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Calvin Breeden, a Special Agent of Homeland Security Investigations (HSI), being duly sworn, state:

## INTRODUCTION

1. This Affidavit is made in support of a two-count Criminal Complaint charging **Rodney WILLIAMS** with:

   a. Count One: possessing with intent to manufacture, distribute, or dispense methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1); and

   b. Count Two: possessing a firearm and ammunition having been previously convicted in court of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).

2. For the reasons set forth below, I believe there is probable cause to believe **WILLIAMS** has committed each of the foregoing violations of federal law. The statements in this affidavit are based in part on information provided by HSI agents, and on my investigation of this matter. Since this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation. Rather, I have set forth only the facts that I believe are necessary to support the criminal complaint and lawful arrest of **WILLIAMS**.

## AGENT BACKGROUND

3. I am a Special Agent with the U.S. Department of Homeland Security (DHS), Homeland

Security Investigations (HSI) and have been employed by HSI as such since October 2023. In this capacity, I am eligible to make application for a search warrant. I am currently assigned to the Special Agent in Charge (SAC), San Francisco, where it is my primary duty to investigate individuals involved in the on-line exploitation of minors including violations of Title 18, United States Code, §§ 2251 and 2252.

4.     I have successfully completed twelve (12) weeks of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia and received an award for academic excellence for this program. In addition, I completed fourteen (14) weeks of the Homeland Security Investigations Special Agent Training program at the FLETC in Glynco, GA. Throughout these training programs, I received over 1,000 hours of Criminal Investigator training across multiple investigative subjects, including Child Exploitation. Additionally, I earned the Certified Fraud Examiner (CFE) professional certification from the Association of Certified Fraud Examiners in 2021, the Certified Anti-Money Laundering Specialist (CAMS) professional certification from the Association of Certified Anti-Money Laundering Specialists (ACAMS) in 2022, and the Certified Forensic Interviewer (CFI) professional certification from Wicklander-Zulawski in 2021. I hold a Bachelor of Science in Business Administration (BSBA) in Accounting from High Point University located in High Point, North Carolina.

## APPLICABLE LAW

5.     Title 21, United States Code, Section 841, which deems unlawful for any person knowingly or intentionally (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or (2) to create, distribute, or

dispense, or possess with intent to distribute or dispense, a counterfeit substance.

6. Title 18, United States Code, Section 922(g)(1) states, in pertinent part, that "[i]t shall be unlawful for any person . . . (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to possesses in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

## FACTS ESTABLISHING PROBABLE CAUSE

7. On or about April 3, 2024, at approximately 15:05:32 UTC, a file containing child sexual abuse material (CSAM) was uploaded to the Dropbox, Inc. (Dropbox) account of user ID 2127564849. On or about April 4, 2024, Dropbox, Inc. submitted a CyberTip to the National Center for Missing and Exploited Children (NCMEC) regarding the aforementioned file.

8. In May 2024, Homeland Security Investigations (HSI) received the CyberTip. Dropbox provided within the CyberTip that the subject account belonged to user ID 2127564849 which is registered to **Rodney WILLIAMS** at email address the.rwwilliams@gmail.com. The account was registered from Internet Protocol (IP) address: 2601:645:8781:5e20:753e:dc95:35f0:244e on March 7, 2024 at 14:39:09 UTC.

9. On or about May 20, 2024, HSI Special Agent Christine Brital and I reviewed the content identified by Dropbox and concurred that the reported file depicted CSAM.

10. On or about June 3, 2024, Comcast Cable Communications LLC (Comcast) complied with an HSI summons and provided a response. Comcast provided that the IP address listed above which was utilized to register Dropbox user ID 2127564849 was subscribed to **Rodney WILLIAMS** with a service and billing address located at 864 Arkansas Street, San Francisco,

3

CA 94107. Furthermore, the response provided that the email address associated with the account was "the.rwilliams@comcast.net". This email address appears to follow a similar naming convention as the email address associated with Dropbox user ID 2127564849 by utilizing a variation of **WILLIAMS'** initials, preceded by the word "the" and followed by his last name (**WILLIAMS**).

11. On or about July 3, 2024, HSI Special Agent Brital and I conducted surveillance at **WILLIAMS'** address located 864 Arkansas Street in San Francisco, CA (hereinafter the residence). At approximately 05:41 hours Pacific Standard Time (PST) of the same morning, we witnessed one (1) vehicle approach the residence. The vehicle appeared to be occupied by one (1) unidentified female and one (1) unidentified male. The vehicle parked approximately three (3) houses North of the residence along Arkansas Street, despite the availability of parking along the entire same side of the street between the vehicle and the residence. After parking, the unidentified female exited the vehicle, appearing empty-handed, and approached the residence. The unidentified female stood outside of the residence before appearing to interact with someone located inside the doorway/residence. The apparent interaction lasted approximately one (1) minute at which time the unidentified female returned to her vehicle, now carrying a brown paper bag, and departed the area at approximately 05:44 hours PST.

12. On or about July 5, 2024, HSI Special Agent Jean-Mathias Bile and I conducted surveillance of the residence. At approximately 06:25 hours PST, one (1) vehicle approached the residence. The vehicle appeared to be occupied by two (2) unidentified males. The vehicle stopped on Arkansas Street directly in front of the residence and appeared to remain idling during the following interaction because the headlights remained on. After parking for

approximately 30 seconds, an unidentified male exited the driver's side of the vehicle and approached the residence. The unidentified male appeared empty handed when approaching the residence. The unidentified male appeared to interact with someone inside the doorway/residence before returning to his vehicle carrying a brown paper bag and departing the area at approximately 06:26 hours PST.

13. On or about July 19, 2024, the Honorable Thomas S. Hixson, U.S. Magistrate Judge of the Northern District of California, issued a federal search warrant to search the premises known as 864 Arkansas Street, San Francisco, CA 94107, the person of **Rodney WILLIAMS**, provided that this person is located at the residence and/or within the Northern District of California at the time of the search, as well as the vehicle registered to **Rodney WILLIAMS**, a Toyota Camry bearing California license plate 7TQV297. The scope of the federal search warrant pertained to CSAM and related content and/or material. The search warrant contained a provision authorizing nighttime service.

14. On or about July 24, 2024, at approximately 03:46 hours PST, HSI agents executed the federal search warrant at 864 Arkansas Street, San Francisco, CA 94107, supported by the HSI SF Special Response Team (SRT). The HSI SF SRT surrounded the front of the residence and directed occupants of the residence to exit through the front door. Through this process, three (3) individuals were encountered and detained including **Rodney WILLIAMS**, Ronald K. Williams Sr., and Kadayjha Gaines. After the above individuals were detained, HSI SF SRT made entry into the residence to conduct a protective sweep. During the protective sweep, HSI SF SRT members observed multiple firearms in plain view within the bedroom that **WILLIAMS** later identified to be his, along with suspected narcotics on a dresser in the living room directly

outside of **WILLIAMS'** bedroom. After conducting a protective sweep of the residence, HSI SF SRT conducted a walk-through of the residence and debrief of the HSI SF SRT approach and entry events with the HSI SF Group Supervisor (GS) and me. During this debrief, HSI SF SRT members stated **WILLIAMS** provided a spontaneous utterance at the time of his detention in which he stated "everything in the house" belonged to **WILLIAMS.**

15. At approximately 05:12 hours PST, the house was frozen in order to obtain a roll-over search warrant. While waiting for the roll-over warrant approval, no search of the residence was conducted, and agents remained on-scene to maintain the integrity of the residence until a roll-over warrant was authorized.

16. At approximately 06:03 hours PST, Special Agent Michael Jedrey and I conducted an interview of **WILLIAMS** within the residence. The interview was conducted in a custodial setting and was audio-recorded. Miranda rights were provided and subsequently waived by **WILLIAMS**. The following is a synopsis of the interview in substance and in part, not a verbatim transcript. During the interview, **WILLIAMS** stated multiple times that everything in the house was his. **WILLIAMS** responded in the affirmative when Special Agent Jedrey clarified that the umbrella term of "everything" included anything illegal found within the residence. **WILLIAMS** advised that the lower floor of the residence was his area and that the middle and upper floors were his father's (Ronald K. Williams Sr.). **WILLIAMS** also identified which bedroom he stayed in downstairs, which was the same bedroom where multiple firearms were previously observed in plain sight during the protective sweep by HSI SF SRT members. Further into the interview, **WILLIAMS** referred to a Galaxy cellphone, later identified to be a Celero cellphone, as his "trap phone" which is solely used for "business." **WILLIAMS** later

6

described himself as a "regular neighborhood drug dealer."

17. At approximately 10:15 hours PST, the Honorable Thomas S. Hixson, U.S. Magistrate Judge of the Northern District of California issued a federal search warrant, incorporating the seizure of firearms, narcotics, and related items. Search of the residence was initiated and conducted in conjunction with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and the San Francisco Police Department (SFPD).

18. SFPD subsequently placed **WILLIAMS** in custody.

19. During the search of the residence, mobile phones, suspected narcotics, firearms, and related items were seized. Among items located, but not seized, were brown paper bags similar in appearance to those witnessed during surveillance on July 3, 2024 and July 5, 2024.

20. A complete analysis of the content stored within the seized mobile devices has not been completed at this time, however, an initial review of the content confirmed the presence of CSAM. Furthermore, during the interview of **WILLIAMS** conducted on or about July 24, 2024, **WILLIAMS** admitted that his phone contained CSAM.

21. Seized suspected narcotics and firearms were turned over from HSI to SFPD. The following narcotic identifications and measurements were conducted by Sergeant Ryan Jensen of SFPD Narcotics utilizing the TruNarc Analyzer (for identification) at the SFPD office located at 850 Bryant Street, San Francisco, CA 94103:

> i. Approximately 3.79 kilograms gross weight in total (3,797.2 grams which is about 8.37 pounds) of suspected methamphetamine which tested presumptively positive for the presence of methamphetamine. The suspected methamphetamine was located in two locations of the residence, one of

    which was **WILLIAMS'** bedroom and the other of which was on a brown dresser located in the living room directly outside **WILLIAMS'** bedroom.

ii. Approximately 1.26 kilograms gross weight in total (1,256.5 grams which is about 2.77 pounds) of suspected cocaine HCL which tested presumptively positive for the presence of cocaine HCL. The suspected cocaine was located in two locations of the residence, one of which was **WILLIAMS'** bedroom and the other of which was on a brown dresser located in the living room directly outside **WILLIAMS'** bedroom.

iii. Approximately 100.9 grams gross weight of suspected heroin located in **WILLIAMS'** bedroom. The suspected heroin tested inconclusive utilizing TruNarc Analyzer. Nonetheless, Sergeant Jensen believes, based on his training and experience, the suspected heroin to be heroin based on the strong odor of vinegar, texture, appearance and black tar like color. Sergeant Jensen has handled heroin on numerous occasions and sees heroin on a regular basis while working.

iv. Approximately 17.0 grams gross weight of suspected fentanyl located in the bedroom located on the lower floor of the residence. **WILLIAMS** stated during an interview at the residence that his cousin periodically stays in the bedroom. The suspected fentanyl tested clear for Mannitol. Nonetheless, Sergeant Jensen stated that based on his training and experience, and conversations with other officers, he knows that Mannitol is a common cutting agent that is often incorporated into fentanyl to reduce its potency,

increase the yield of fentanyl to be sold and increase profit margins. Through conversation with officers assigned to narcotics investigations, Sergeant Jensen has learned that suspected fentanyl which shows presumptive results for Mannitol routinely tests positive for fentanyl at the Alameda County Crime Lab during confirmatory testing/analysis. Thus, he believes the suspected fentanyl is in fact fentanyl.

22. Furthermore, seized firearms and accessories included six (6) rifles, one (1) shotgun, five (5) pistols, and one (1) revolver for a total of 13 firearms. One (1) suppressor, one (1) electronic scope, and one (1) drum magazine, among other items, were also located. A final analysis of the weapons and count of bulk unfired cartridges (ammunition) will be conducted after the seized firearms and related items are returned to HSI from SFPD. A preliminary report of the seized firearms and firearm accessories is summarized as follows:

   i. Firearm (Pistol) - CSC Caspian Arms, LTD (S/N: CM3879) located in **WILLIAMS'** bedroom on a shelf inside the closet. No ammunition or accessories were present with the firearm.

   ii. Firearm (Rifle) – SR Ruger Model 10-22 (S/N: 0003-74410) located in **WILLIAMS'** bedroom leaned against the corner wall beside the door entrance to the room. Ammunition and accessories located with the item included a "PINEY" Scope.

   iii. Firearm (Pistol) – Firearm [Glock 30S] (S/N: BSBY057) located in **WILLIAMS'** vehicle (CA/7TQV297) parked in the driveway of the residence. Ammunition and accessories located with the item included 42

9

unfired cartridges, two (2) magazines, and one (1) extended magazine.

iv. Firearm (Pistol) – CLT Colt (S/N: 2738561) located in **WILLIAMS'** bedroom. Ammunition and accessories located with the item included 21 unfired cartridges and two (2) magazines.

v. Firearm (Pistol) – ATP American Tactical Imports (S/N: A898513) located in **WILLIAMS'** bedroom on the nightstand beside the bed. Ammunition and accessories located with the item included 10 unfired cartridges and one (1) magazine.

vi. Firearm (Revolver) – CLT Colt (S/N: 258838) located in **WILLIAMS'** bedroom inside the closet. Ammunition and accessories located with the item included six (6) unfired cartridges.

vii. Firearm (Rifle) – SR Ruger (S/N: 690906650) located in **WILLIAMS'** bedroom. Ammunition and accessories located with the item included a "VORTEX" scope.

viii. Firearm (Rifle) – Firearm [Black, Wide Stock AK] (S/N: 10738) located in **WILLIAMS'** bedroom inside the closet. No ammunition or accessories were present with the firearm.

ix. Firearm (Rifle) – SW Smith & Wesson M&P 15 (S/N: SR78386) located in **WILLIAMS'** bedroom inside the closet. No ammunition or accessories were present with the firearm. SFPD classified the firearm as an "assault weapon".

x. Firearm (Rifle) – Firearm [Green+Black EP Armory AR15] (S/N:

Covered) located in **WILLIAMS'** bedroom leaned against the wall beside the bed. SFPD classified the firearm as an "assault weapon" with "green lower w/ camo hand guard". Two magazines were present, taped together with openings facing opposite directions. Both magazines were loaded and one magazine was inserted into the firearm.

xi. Firearm (Shotgun) – Firearm [Lefever Arms Co. Shotgun] (Possible S/N: 78.80.85.86.87) located in **WILLIAMS'** bedroom. No ammunition or accessories were present with the firearm.

xii. Firearm (Rifle) – Firearm [Black Thin Stock AK] (S/N: 1970CM4242) located in **WILLIAMS'** bedroom inside the closet. No ammunition or accessories were present with the firearm.

xiii. Firearm (Pistol) – SW Smith & Wesson M&P 5.7 (S/N: PKH7056) located in **WILLIAMS'** bedroom inside the closet. Ammunition and accessories located with the firearm include one (1) magazine and 18 unfired cartridges. SFPD classified the firearm as an "assault weapon".

xiv. General firearm accessories of note located within **WILLIAMS'** bedroom included three (3) items of body armor (plated vests), one (1) electronic scope, one (1) suppressor, one (1) drum magazine, and a gray plastic tote with various magazines of different calibers.

xv. Bulk unfired cartridges (ammunition) were located within **WILLIAMS'** bedroom including: 30-30, 25 Auto; 7.62x51; 32 Auto 80 Ammo, 9MM; .40 S7W Cal., .22LR; .45CAL., .223; 380 Auto, 5.56 NATO; .40 Cal., and

20 GA, among others. A count of bulk unfired cartridges will be conducted following receipt of the firearms and related items by HSI from SFPD.

23. On or about July 8, 2024, I conducted a criminal history search for **WILLIAMS**. Among other offenses, **WILLIAMS'** criminal history included five (5) felony convictions which are:

    i.   Convicted in 1993 of felony assault with firearm on a person in violation of California Penal Code § 245(a)(2).

    ii.   Convicted in 1998 of felon in possession of a firearm in violation of California Penal Code § 12021(A)(1).

    iii.   Convicted in 2003 of second degree burglary in violation of California Penal Code § 460(B).

    iv.   Convicted in 2008 of possession or purchase for sale of cocaine base in violation of Health and Safety Code § 11351.5.

    v.   Convicted in 2017 of harmful material sent to induce a minor in violation of California Penal Code § 288.2(A)(2).

24. The Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) is currently working through the list of the 13 recovered firearms in this case to determine whether there is an interstate nexus for each firearm. ATF Special Agent Joseph Centofranchi, whose duties include determining whether firearms have travelled in interstate commerce, confirmed that the Ruger 10-22 (serial number 0003-74410) (¶ 22, firearm ii) is manufactured outside of the State of California. He also confirmed that the Smith & Wesson M&P 15 (serial number SR78386) (¶ 22, firearm ix) is manufactured outside of the State of California. Thus, both the Ruger 10-22 and Smith & Wesson M&P 15 traveled in/or affected interstate commerce.

## CONCLUSION

25. Based on the information set forth in this Affidavit, I respectfully submit that there is probable cause to believe that on July 24, 2024, **Rodney WILLIAMS**, a previously convicted felon, has committed the following violations of federal law:

    a.    Count 1: possession with intent to manufacture, distribute, or dispense methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1); and

    b.    Count 2: possessing a firearm, to wit: S/R Ruger 10-22 Firearm: Serial number 0003-74410 and Smith and Wesson M&P 15 Firearm, Serial number SR78386 having been previously convicted in court of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).

Accordingly, I respectfully request that a warrant for the arrest of **WILLIAMS** be issued.

I swear, under penalty of perjury, that the foregoing information is true and correct to the best of my knowledge and belief.

/s/ Calvin Breeden_____
CALVIN BREEDEN
Special Agent
Homeland Security Investigations

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this __7th__ day of August 2024.

_____
HONORABLE LISA J. CISNEROS
United States Magistrate Judge